KRISTEN P. CRIFASI                    *        NO. 2025-CA-0199

VERSUS                                *

                                               COURT OF APPEAL

DERRICK M. JOHNSON,                   *

BOASSO AMERICA                                 FOURTH CIRCUIT

CORPORATION AND OLD                   *

REPUBLIC INSURANCE                             STATE OF LOUISIANA

COMPANY, D.M.J.              * * * * * * *

EXPEDITED TRANSPORT

SERVICES, LLC AND

TRANSGUARD INSURANCE

COMPANY OF AMERICA,

INC.

CONSOLIDATED WITH:                             CONSOLIDATED WITH:

KRISTEN P. CRIFASI                             NO. 2025-CA-0493

VERSUS

DERRICK M. JOHNSON, BOASSO
AMERICA CORPORATION AND
OLD REPUBLIC INSURANCE
COMPANY, D.M.J. EXPEDITED
TRANSPORT SERVICES, LLC AND
TRANSGUARD INSURANCE
COMPANY OF AMERICA, INC.


APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 23-1138, DIVISION "B"
Honorable Jeanne Nunez Juneau, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Chief Judge Roland L. Belsome, Judge Tiffany Gautier Chase,
Judge Dale N. Atkins)

Gilbert V. Andry, IV
GIBBY ANDRY, THE ANDRY LAW FIRM, L.L.C.
829 Baronne Street
New Orleans, LA 70113

Everett R. Fineran
EVERETT R. FINERAN, LLC
425 Harrison Avenue
Suite 1200
New Orleans, LA 70124

COUNSEL FOR PLAINTIFF/APPELLANT KRISTEN P. CRIFASI

John E. W. Baay, II
Emily E. Eagan
Maryclaire M. Farrington
LABORDE SIEGEL, LLC
701 Poydras Street
Suite 4800
New Orleans, LA 70139

COUNSEL FOR DEFENDANT/APPELLEE DERRICK M. JOHNSON, D.M.J. EXPEDITED TRANSPORT SERVICES, LLC AND TRANSGUARD INSURANCE COMPANY OF AMERICA, INC.


Megan B. Jacqmin
PERRIER & LACOSTE, LLC
365 Canal Street, Suite 2550
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE BOASSO AMERICA CORPORATION


**MOTION TO DISMISS GRANTED**
**JANUARY 29, 2026**

On July 10, 2025, Boasso America Corporation (hereinafter "Boasso"), filed a motion to dismiss in this Court. The motion to dismiss seeks to dismiss as untimely, plaintiff's, Kristen Crifasi (hereinafter "Mrs. Crifasi), appeal of the trial court's October 23, 2024 judgment which granted Boasso's motion for summary judgment. After consideration of the record before this Court and the applicable law, we grant the motion to dismiss filed by Boasso and dismiss the portion of Mrs. Crifasi's appeal which seeks review of the trial court's October 23, 2024 judgment on the motion for summary judgment.

## Discussion

The underlying facts of this appeal involve a motor vehicle accident but, are not germane to the procedural issue presented in Boasso's motion to dismiss. Prior to trial, Boasso filed a motion for summary judgment arguing that there were no genuine issues of material fact regarding its liability for the motor vehicle accident. Mrs. Crifasi opposed the motion and by judgment dated October 23, 2024, the trial court granted the motion for summary judgment, dismissing Mrs. Crifasi's claims against Boasso. No appeal was taken of the October 23, 2024 judgment within the

1

time delays for an appeal and the matter proceeded to trial with the remaining parties. *See* La. C.C.P. art. 2087(A).

In her appellant brief, Mrs. Crifasi asserts the following as an assignment of error: "[t]he trial court erred by granting summary judgment in favor of Defendant Boasso America Corporation despite genuine issues of material fact regarding both vicarious and direct liability." In response, Boasso filed a motion to dismiss, arguing that Mrs. Crifasi cannot seek review of the trial court's October 23, 2024 judgment granting Boasso's motion for summary judgment because the time to seek review of the October 23, 2024 judgment expired. Conversely, Mrs. Crifasi maintains that the judgment granting Boasso's motion for summary judgment is interlocutory and therefore reviewable in an unrestricted appeal.

A judgment is either interlocutory or final. La. C.C.P. art. 1841. "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." *Id*. "A judgment that determines the merits in whole or in part is a final judgment." *Id*. This Court may consider an interlocutory judgment when it is "part of an unrestricted appeal from a final judgment." *Succession of Hickman*, 2022-0730, p. 6 (La.App. 4 Cir. 3/15/23), 359 So.3d 584, 590 (citation omitted).

La. C.C.P. art. 1915(A) provides that a judgment which does not adjudicate all of the issues in a case may be deemed "final" and therefore appealable if it dismisses the suit as to less than all of the parties; is a judgment on the pleadings; is a judgment granting a motion for summary judgment other than pursuant to La. C.C.P. art. 966(E); is a judgment on either the principal or incidental demand, when the two have been tried separately; is a judgment on the issue of liability when it has been tried separately; or is a judgment imposing sanctions or

2

disciplinary action. The October 23, 2024 judgment granted summary judgment on liability and dismissed Mrs. Crifasi's claims against Boasso. Therefore, under La. C.C.P. art. 1915(A) the October 23, 2024 judgment constitutes a final, not an interlocutory, judgment. Review of a final judgment cannot be sought through an unrestricted appeal. *See Hickman*, 2022-0730, p. 6, 359 So.3d at 590. In order to seek review of a final judgment, a party must timely file an appeal. An appeal that does not suspend the execution of the judgment may be taken within sixty days of: (1) the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, if no application has been timely filed or; (2) the date of the notice of judgment indicating the trial court's refusal to grant a timely application for new trial or judgment notwithstanding the verdict. La. C.C.P. art. 2087(A). The trial court rendered judgment on Boasso's motion for summary judgment on October 23, 2024. Mrs. Crifasi did not file a motion for new trial and as such had sixty days from October 23, 2024 to appeal the trial court's judgment. At the time of the filing of the notice of appeal, all appeal delays regarding the October 23, 2024 judgment, have expired. *See* La. C.C.P. art. 2121, *et seq*. Further, we note that Mrs. Crifasi's notice of appeal only references the trial court's December 9, 2024 judgment memorializing the jury verdict rendered on November 14, 2024. The notice of appeal does not reference the October 23, 2024 judgment.

## Conclusion

As the October 23, 2024 judgment is a final appealable judgment pursuant to La. C.C.P. art. 1915(A), Mrs. Crifasi was required to file an appeal of the judgment and cannot seek review of it as part of the unrestricted appeal of the December 9, 2024 judgment. As such, we grant the motion to dismiss filed by Boasso and

3

dismiss the portion of Mrs. Crifasi's appeal seeking review of the trial court's October 23, 2024 judgment on the motion for summary judgment.

**MOTION TO DISMISS GRANTED**